IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAREN PATE and ROBERT PRUNTE, | * | |
| | * | |
| Plaintiffs *pro se*, | * | |
| v. | * | Civil Action No. RDB 06-936 |
| | * | |
| IRENE TUCKER and WILLIAM "BILL" HAZELHURST, | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

This action arises from a Complaint filed by *pro se* Plaintiffs Karen Pate and Robert

Prunte ("Plaintiffs") against Defendants Irene Tucker and William Hazelhurst ("Defendants").[1]

The Complaint asserts two causes of action under federal law—both involving alleged violations

of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair

Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3631 (the "Fair Housing Act")—and

additional causes of action under the law of the State of Maryland.  Currently pending before this

Court are three motions: (1) Motion to Dismiss, filed by Defendant Irene Tucker ("Tucker"); (2)

Motion to Amend Complaint, filed by Plaintiffs; and (3) Motion for Summary Judgment, filed by

Defendant William Hazelhurst ("Hazelhurst").[2]  The parties' submissions have been reviewed

---

[1]     Although not identified in the Complaint, opposition papers filed by Plaintiffs confirm that Plaintiff Robert Prunte is African American.  (*See* Pls' Opp. to Defs.' Mtn. for Summ. J. p. 11.)

[2]     On December 29, 2006, this Court denied the following three motions filed by Plaintiffs: "Amended Motion to Strike Defendant's F.R.C.P. 12(B)(6) Motion Pursuant to F.R.C.P. 12(F), Due to Immaterial, Redundant, Impertinent and Scandalous Matter, and Memorandum of Law filed by Plaintiffs" (Paper No. 13); "Counter-Motion for Partial Summary

and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  This Court has jurisdiction

under 28 U.S.C. § 1331.  For the reasons stated below, Defendant Tucker's Motion to Dismiss

and Defendant Hazelhurst's Motion for Summary Judgment are GRANTED with respect to

Plaintiffs' claims under the Fair Housing Act, and Plaintiff's Motion to Amend Complaint is

DENIED.  This Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining

state law claims.  As a result, this case will be closed.

BACKGROUND

The facts are construed in the light most favorable to Plaintiffs.  Plaintiffs Karen Pate

("Pate") and Robert Prunte ("Prunte") are common-law husband and wife according to the laws

of the State of Ohio.  Plaintiffs rent and currently occupy a house owned by Defendant Irene

Tucker at 1702 Linden Avenue in the Bolton Hill neighborhood of Baltimore, Maryland.  Living

in the house with Plaintiffs are eight individuals: Paul Pate, Jr., the son of Pate from a previous

marriage; Brenda Hicks, who is recently mentally disabled, and her five minor children, two of

whom are legally disabled; and India Jones, a live-in emergency caregiver for Ms. Hicks'

children.  Plaintiffs contend that Ms. Hicks has delegated Pate as the caregiver for Ms. Hicks and

her five minor children.  (*See generally* Compl. ¶¶ 3-7.)

Negotiations preceded the lease agreement between Tucker and Plaintiffs.  Upon

reviewing a proposed lease agreement, Plaintiffs "quickly saw that there were items they

---

Judgment & Motion in Opposition to Defendants Motion for Summary Judgment and
Memorandum of Law" (Paper No. 19); and "Motion to Strike Defendant, Ms. Irene Tuckers
Response to Plaintiffs Counter Motion as well as Ms. Tuckers Exception Defense Answer to the
Complaint As Frivolous, Dilatory, Immaterial, Scandalous, Impertinent, Redundant and
Insufficient Pursuant to Fed. R. Civ. P. Rule 12(f), and Memorandum of Law filed by Plaintiffs"
(Paper No. 21).

couldn't live with and brought these to Ms. Tucker's attention." (Compl. ¶ 15.) After discussing these matters with Tucker, Plaintiffs allege that the parties entered into an oral agreement that would allow Plaintiffs to "have a dog," "use private individuals to act as caregivers for the special needs children," and pay only $1,850.00 (as opposed to the proposed $1,950.00) per month in rent. (*Id.* at ¶ 16.) In return, Plaintiffs agreed to sign a written lease agreement provided by Tucker. (*Id.* at ¶¶ 26-29 & Ex. E.)

On October 1, 2005, Plaintiffs moved into the house at 1702 Linden Avenue. While moving in, Plaintiffs contend that one of the workers for the moving company was "riding a motor scooter around the block to enter by the rear alley entrance to the property." (Compl. ¶ 30.) Defendant William Hazelhurst, who manages an apartment building in the neighborhood, allegedly confronted this mover and requested that he "turn that noise off, senior citizens live around here." (*Id.*) The worker promptly informed Plaintiff Robert Prunte, who walked to the alley "where Hazelhurst was still standing, visibly angry." (*Id.* at ¶ 31.) Prunte asked Hazelhurst if there was a problem, "at which time Mr. Hazelhurst reached into his back pocket as if to be reaching for a gun or police badge, but came out with nothing." (*Id.*) In response, Hazelhurst asked Prunte "who was moving into 1702 Linden Ave., who Mr. Prunte was, and that, if he indeed plans to move there, that he could not possibly afford it." (*Id.* at ¶ 32.) Prunte ignored these questions and statements, which prompted Hazelhurst to "canvass[] the neighborhood asking all the neighbors if they knew who owned 1702 Linden Ave. . . ." (*Id.* at ¶ 33.) Approximately 15 minutes later, Hazelhurst told Prunte that "[y]ou'll be out of here in three months." (*Id.* at ¶ 34.)

During the same time period, Plaintiffs' relationship with Tucker deteriorated. For

example, on October 1, 2005, Plaintiffs encountered Tucker's repair man, who claimed that he needed "immediate access to the property whenever 'Irene' told him to, and that she had further told him to 'ring the bell once', and if no one answers, to enter immediately."  (Compl. ¶ 17.) Plaintiffs allege that the repair man "brought family friends and associates" to 1702 Linden Ave. without the approval of Plaintiffs or Tucker and entered the property for "reasons of triviality" on a weekly basis.  (*Id*. at ¶¶ 17-18.)  Plaintiffs contend that they agreed to let the repair man enter the house "after threats by Ms. Tucker that she would send Baltimore Police if we refused. . . ."  (*Id*. at ¶ 18.)  Plaintiffs maintain that the "final straw" occurred when Tucker indicated that the repair man "needed to enter the property in order to take photographs of the interior of 1702 Linden Avenue."  (*Id*. at ¶ 19.)  In mid-October and early November, Tucker and Plaintiffs exchanged letters addressing these and other issues.  (*Id*. at ¶¶ 21-27.)  On March 16, 2006, Tucker's lawyer sent Plaintiffs a letter providing that "[y]ou are in default under the terms of the Lease."  (*Id*. at Ex. C.)  The letter also states that "[n]o one other than you, your spouse, your children, and one live-in caretaker may live in the Premises," "[y]ou have allowed the pit bull into your home . . . [t]his is a violation of the Lease," and "[y]ou must allow access for repairmen to make to the Premises as provided in section 8-211 of the Real Property Article of the Maryland Code."  (*Id*.)

On April 12, 2006, Plaintiffs filed a Complaint in this Court.  On May 17, 2006, Defendant Tucker filed her Motion to Dismiss.  On June 12, 2006, Plaintiffs filed their Motion for Leave to File an Amended Complaint.  On July 12, 2006, Defendant Hazelhurst filed his Motion for Summary Judgment.  A scheduling order has not been issued.

<u>STANDARD OF REVIEW</u>

**I.      Motion to Dismiss.**

Defendant Tucker seeks to dismiss Plaintiffs' action against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)). The "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Coney v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  Therefore, a Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

**II.      Motion for Summary Judgment.**

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary

judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold*, Inc., 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).  However, the opponent must bring forth evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "Once the movant has established the absence of any genuine issue of material fact, the opposing party has an obligation to present some type of evidence to the court demonstrating the existence of an issue of fact." *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)).  Rule 56(e) also requires that "affidavits submitted by the party defending against a summary-judgment motion contain specific facts, admissible in evidence, from an affiant competent to testify, 'showing that there is a genuine issue for trial.'" *Id.* (quoting 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2740, 399 (3d ed. 1998)).  The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md.  2001) (citations omitted).  Indeed, this Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial.  *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

<u>DISCUSSION</u>

**I.      Plaintiff's Complaint.**

The Complaint asserts five causes of action.  In Count One, Plaintiffs contend that Tucker violated the Fair Housing Act when she "changed her mind" with respect to an alleged oral agreement between Tucker and Plaintiffs.  (*See* Compl. ¶¶ 44-63.)  In Count Two, Plaintiffs assert that Hazelhurst violated the Fair Housing Act when he spoke "loudly and rudely" to Plaintiff Robert Prunte and "began going door-to-door asking the neighbors who the landlord of 1702 Linden Avenue is."  (*Id*. at ¶¶ 64-75.)  In Count Three, Plaintiffs allege that Tucker breached the oral agreement that she allegedly made with Plaintiffs.  (*Id*. at ¶¶ 76-91.)  In Count Four, Plaintiffs claim that Hazelhurst interfered with existing contractual relations between Tucker and Plaintiffs.  (*Id*. at ¶¶ 92-95.)  In Count Five, Plaintiffs assert a cause of action for wrongful eviction against Tucker.  (*Id*. at ¶¶ 96-102.)  Plaintiffs seek declaratory and injunctive relief, as well as compensatory and punitive damages, in connection with these causes of action.

**II.     Fair Housing Act Claims.**

The stated purpose of the Fair Housing Act is "to provide, within constitutional limitations, for fair housing throughout the United States."  42 U.S.C. § 3601.  The Fair Housing

Act contains an anti-discrimination provision that makes it illegal:

> (1)     To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of —
>
> > (A)     that buyer or renter;
> >
> > (B)     a person residing or intending to reside in that dwelling after it is sold or rented, or made available; or
> >
> > (C)     any person associated with that buyer or renter.
>
> (2)      To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of a handicap of [any person listed in (A) through (C) above].

42 U.S.C. § 3604(f).  Discrimination in this context includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling. . . ."  42 U.S.C. § 3604(f)(3)(B).  The Fair Housing Act also imposes liability on third parties by providing that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . ." certain rights that are protected under the Act.  42 U.S.C. § 3617.

**A.     Claim Against Defendant Tucker.**

Plaintiffs' claim against Defendant Irene Tucker is based on the theory that Tucker's "attempt to ignore previous oral agreements due to threats of Mr. Hazelhurst or whomever. . . ." violates the anti-discrimination provision of the Fair Housing Act, 42 U.S.C. § 3604.  (*See*, *e.g.*, Compl. ¶ 52.)  However, the transaction between Tucker and Plaintiffs is exempt from this anti-discrimination provision.  Section 3603(b) of the Fair Housing Act specifically provides that § 3604 does not apply to single-family homes rented by the owner if: (1) the owner does not own

-8-

more than three such homes at any one time; (2) in the case of a sale of a dwelling where the owner was not occupying the residence at the time of the sale, or was not the most recent occupant of the dwelling, the owner has not made a similar sale within the past twenty-four months; (3) the owner does not have a beneficial interest in any part of the proceeds from the sale or rental of more than three such dwellings; and (4) the dwelling was sold or rented (A) without the use "in any manner" of the sales or rental services or facilities of a real estate broker, agent, or sales person, and (B) the owner did not publish, post, or mail any advertisement or written notice that included discriminatory language.  *See* 42 U.S.C. § 3603(b)

In this case, Plaintiffs do not contend that Tucker owns more than three homes, sold her home, or published advertisements that included discriminatory language.  (*See* Compl. ¶¶ 11-29.)  However, Plaintiffs argue that the transaction at issue falls outside § 3603(b) because Tucker allegedly used a broker and an agent to rent her home:

> Ms. Tucker used the services of a local newspaper real estate section to advertise the property.  The property was shown to the plaintiffs by an acquaintance of Ms. Tucker who lived in the neighborhood. The newspaper served as Ms. Tucker's agent, contravening any statutory exceptions of 42 U.S.C. § 3603(b)(1)-(4).

(Compl. ¶ 8; *see also* Pls' Opp. to Defs.' Mtn. for Summ. J. p. 3 (contending that Tucker "used the services of a broker to show plaintiffs the property.").)  These arguments are meritless. Asking an acquaintance to open a door so that potential tenants can view a rental property does not convert that acquaintance to a "broker" for purposes of § 3603(b).  Similarly, purchasing advertising space from a local newspaper does not convert that newspaper into an "agent" for purposes of the same provision.  Plaintiffs offer no authority in favor of their interpretations of § 3603(b), which threaten to render that provision of the Fair Housing Act meaningless.  This

transaction falls squarely within the exemption of § 3603(b) and there is nothing in the record to suggest otherwise.  Accordingly, the Motion to Dismiss is GRANTED with respect to Plaintiffs' Fair Housing Act claim against Defendant Tucker (Count One).

**B.      Claim Against Defendant Hazelhurst.**

Defendant William Hazelhurst moves for summary judgment with respect to Plaintiffs' Fair Housing Act claim against Hazelhurst.  As a preliminary matter, this Court acknowledges the general principle that "summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).  The nonmoving party, however, "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Evans v. Techs. Apps. & Service Co.*, 80 F.3d 954, 961 (4th Cir.1996).  "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" *Harrods Ltd.*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961). In this case, Plaintiffs have not filed a Rule 56(f) affidavit or stated in their opposition papers that additional discovery is necessary.  Instead, Plaintiffs submit that Hazelhurst's motion for summary judgment contains sufficient admissions that "a reasonable minded jury [would] find in favor of the non-moving plaintiffs, as a matter of fact and law."  (Pls' Opp. to Defs.' Mtn. for Summ. J. p. 5.)  Based on the parties' representations and allegations, this Court finds that there is no discovery which would support a Fair Housing Act claim against Hazelhurst.  Accordingly,

this Court will consider the motion for summary judgment.

Plaintiffs' claim against Hazelhurst is based on the theory that the prohibition against coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of rights under the Fair Housing Act, *see* 42 U.S.C. § 3617, was violated when Hazelhurst spoke "loudly and rudely" to Prunte and "began going door-to-door asking the neighbors who the landlord of 1702 Linden Avenue is." (Compl. ¶¶ 73-74.)  The elements of a § 3617 claim are:

> (1)  plaintiff is a member of a protected class under the Fair Housing Act; (2)  plaintiff exercised or enjoyed a right protected by Sections 3603 through 3606, or aided or encouraged others in exercising or enjoying such rights; (3)  intentional discrimination at least partially motivated defendants' conduct; and (4)  defendants' conduct constituted coercion, intimidation, threat, or interference on account of having exercised, or aided or encouraged others in exercising, a right protected under Sections 3603 through 3606.

*Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1233 (D. Kan. 2001).  In this case, Defendant Hazelhurst seeks summary judgment based on Plaintiffs' alleged failure to raise a genuine issue of material fact with respect to the third and fourth elements: discriminatory motive and actionable conduct.

The only support for Plaintiffs' contentions that Hazelhurst's conduct was motivated by Plaintiffs' race consists of the fact that Prunte is African American.[3]  There is no allegation that any of the comments made by Hazelhurst to Prunte during their limited interaction on October 1, 2005 were explicitly racist.  Instead, the factual allegations made in the Complaint suggest that Hazelhurst was offended not by Plaintiffs' race, but by the conduct of one of Plaintiffs' workers

---

[3]  Although the Complaint does not identify Plaintiffs' race, opposition papers filed by Plaintiffs confirm that Prunte is African American.  (*See* Pls' Opp. to Defs.' Mtn. for Summ. J. p. 11.)

and by the subsequent interaction between Hazelhurst and Prunte.  Accordingly, this Court concludes that no rational trier of fact could infer that Hazelhurst's actions were motivated by Plaintiffs' race.  *Cf. King v. Metcalf 56 Homes Ass'n, Inc.*, 385 F. Supp. 2d 1137, 1143 (D. Kan. 2005) ("If [the fact that plaintiff is African American] were all of plaintiff's evidence on this particular issue, the court would be inclined to grant summary judgment for defendants. . . .").

Even if Plaintiffs could establish discriminatory motive, no basis has been offered for concluding that Hazelhurst's conduct toward Plaintiffs constitutes actionable "coercion, intimidation, threat, or interference" within the meaning of § 3617.  As one court has explained, "to state a cause of action under § 3617, a plaintiff must demonstrate either the use or threatened use of some type of force or duress—physical, economic, emotional—for the purpose of denying the plaintiff his housing rights."  *Michigan Protection and Advocacy Service, Inc. v. Babin*, 799 F. Supp. 695, 724 (E.D. Mich. 1992), *aff'd*, 18 F.3d 337 (6th Cir. 1994).  In this case, the alleged threats consist of statements made by Hazelhurst to bystanders and neighbors regarding Plaintiffs and their landlords, and Hazelhurst's comment to Prunte that "you'll be out of here in three months."  (Compl. ¶ 34.)  There is no basis, however, for inferring that these statements constitute actionable conduct under § 3617.  For example, there is no indication of a pattern of harassment.  Similarly, there is no suggestion—other than speculation on the part of Plaintiffs—that Hazelhurst communicated with Plaintiffs' landlord or possessed the power to impact any of Plaintiffs' rights that are protected under the Fair Housing Act.  (*Cf.* Pls' Opp. to Defs.' Mtn. for Summ. J. p. 5.)  Even drawing all reasonable inferences from the facts in Plaintiffs' favor, this Court finds that the alleged threats made by Hazelhurst do not constitute actionable context under § 3617.  *Cf. Michigan v. Babin*, 799 F. Supp. at 726 ("A plaintiff does

-12-

not state a claim under that section by simply asserting that a defendant 'interfered' with his housing rights without also alleging some component of *potent* force or duress.") (emphasis added); *United States v. Weisz*, 914 F. Supp. 1050, 1054 (S.D.N.Y. 1996) (conduct constituting "nothing more than a series of skirmishes in an unfortunate war between neighbors" is not actionable under § 3617).  Accordingly, the Motion for Summary Judgment is GRANTED with respect to Plaintiffs' Fair Housing Act claim against Defendant Hazelhurst (Count Two).

## III.    Motion to Amend Complaint.

Plaintiffs move this Court to amend their Complaint for purposes of adding "interpolated counts" under 18 U.S.C. § 241.[4]  It is well-established that 18 U.S.C. § 241 is a "criminal statute[] governing conspiracies against civil rights and deprivation of rights under color of law." *Lerch v. Boyer*, 929 F. Supp. 319, 322 (N.D. Ind. 1996) (citations omitted).  This statute "provide[s] no basis for civil liability."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted).  Although Rule 15 of the Federal Rules of Civil Procedure provides liberality with respect to the filing of amended pleadings, the United States Court of Appeals for the Fourth Circuit recently stated that "leave to amend a pleading should be denied only when the amendment . . . would have been futile."  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted).  In this case, Plaintiffs' proposed amendment would be futile for the simple reason that 18 U.S.C. § 241 does not give rise to civil liability.  Accordingly, Plaintiffs' Motion to Amend Complaint is DENIED.

---

[4]    Although Plaintiffs' proposed "interpolated counts" reference to 42 U.S.C. 1985(3) and 42 U.S.C. 1981, Plaintiffs only assert that 18 U.S.C. 241 has been violated by Defendants' conduct.  (*See* Am. Compl. ¶¶ 104-110.)

**IV.      Plaintiffs' Remaining Claims**.

In addition to the Fair Housing Act claims addressed above, the Complaint includes causes of action for breach of contract, interference with existing contractual relations, and wrongful eviction under the law of the State of Maryland.  Having disposed of Plaintiffs' federal claims, this Court must decide whether to exercise supplemental jurisdiction over these remaining state law claims.  In this regard, this Court has considered the following factors: convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.  *See Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999).  This case is early in its procedural history.  There are no issues of federal policy or comity.  Some of the remaining claims do not appear ripe for review at this time.  For example, Plaintiffs assert a claim for wrongful eviction although Plaintiffs have not vacated the house at 1702 Linden Avenue.  Accordingly, after taking the above factors into account, this Court declines to exercise supplemental jurisdiction over Plaintiffs remaining claims, which shall be dismissed without prejudice.  28 U.S.C. § 1367(c)(3); *see also Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (Recognizing that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished.").

<u>CONCLUSION</u>

For the reasons stated above, Defendant Tucker's Motion to Dismiss and Defendant Hazelhurst's Motion for Summary Judgment are GRANTED with respect to Plaintiffs' claims under the Fair Housing Act, and Plaintiff's Motion to Amend Complaint is DENIED.  This Court

declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims.  A separate

Order follows.


Dated: January 11, 2007                    /s/_____
                                           Richard D. Bennett
                                           United States District Judge